IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JEFFERY R. GORDON, § | | |
|     Plaintiff, § | | |
| v. § | CIVIL ACTION NO. 5:13-cv-662 | |
| § | | |
| ACOSTA SALES AND MARKETING, § | | |
| INC. § | | |
|     Defendant. § | | |

## FIRST AMENDED COMPLAINT

This is an action under the Americans with Disabilities Act of 1990 and the 2008 Americans with Disabilities Act Amendments, to correct unlawful employment practices on the basis of disability, and retaliation for engaging in a protected activity, and to provide appropriate relief to Jeffery R. Gordon, who was adversely affected by such practices. Plaintiff, Jeffery R. Gordon, alleges that he was subjected to unlawful discrimination based on his known and perceived disability, and retaliation when Defendant Acosta Sales and Marketing, Inc., unlawfully discriminated against him and failed to provide him with a reasonable accommodation.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to the Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.  The alleged unlawful employment practices were committed within the

jurisdiction of the United States District Court for the Western District of Texas, San Antonio Division.

## PARTIES

3. Plaintiff, JEFFERY R. GORDON is a resident of San Antonio, Bexar County, Texas.

4. At all relevant times, the Defendant, ACOSTA SALES AND MARKETING, INC. has continuously been a foreign corporation doing business in the State of Texas, and has continuously had at least 20 employees.

5. At all relevant times, Defendant, ACOSTA SALES AND MARKETING, INC., has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a). Defendant ACOSTA SALES AND MARKETING, INC. may be served through its registered agent for service of process, CSC-Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, JEFFERY R. GORDON filed a charge with the Equal Employment Opportunity Commission alleging violations of the ADA by Defendant, ACOSTA SALES AND MARKETING, INC. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least on or about November, 2012 through March 2013, Defendant, ACOSTA SALES AND MARKETING, INC., engaged in unlawful employment practices at its San Antonio, Texas location in violation of Section 102(a) of

Title I of the ADA, 42 U.S.C. §12112(a).

8.  Plaintiff has a medical condition that causes significant swelling of his extremities. In order to control this condition, Plaintiff is required to take a diuretic, which results in the need for frequent urination throughout the 6 to 8 hours after taking the medication. In November 2012, Plaintiff informed his supervisor, Rudy Ramirez, of his condition and requested a transfer to the Defendant's San Antonio office.

9.  Plaintiff position as a retail coverage merchandiser requires him to travel extensively between HEB grocery stores and his access to restrooms is limited because of the extensive travelling during the day. Plaintiff was hired as a part-time employee in September 2012 and assigned to the "Purple team" to service his assigned stores. After about a month, Plaintiff determined that he was having problems because of his medical condition. Plaintiff talked to his supervisor and advised him that he [Plaintiff] was seeking a transfer to a position that gave him greater access to restroom facilities because of his medical condition and the required medication to control the condition. Plaintiff also explained that if he didn't take the medication he would suffer from edema swelling which was very painful and made it difficult to perform his job.

10.  In December 2012, Ramirez informed Plaintiff that a new employee that Plaintiff had helped train was going to assume many of Plaintiff's duties including all of Plaintiff's responsibilities for Kraft products. No other employees had their duties changed to that degree. In January 2013, Plaintiff expressed to Ramirez in the form of an email his concerns about having been relieved of many of his responsibilities. Following this email, Ramirez confronted Plaintiff on the floor of one of the HEB stores in front of HEB employees and customers. Ramirez was confrontational, tried to intimidate

Plaintiff by cursing at him, and ordered Plaintiff to leave the store. Plaintiff refused to leave the store, believing that if he did he would be fired for abandoning his work station.

11. Following his incident, Plaintiff sent a series of emails to David Osgood, Ramirez's supervisor, complaining of workplace harassment and hostile work environment, and requested a reasonable accommodation. Plaintiff requested either a transfer to another retail team to take him from under Ramirez's supervision, or a transfer to an "in office" position in the local San Antonio office. Plaintiff's emails also mention him pursuing charges with the Equal Employment Opportunity Commission (EEOC) because of the incident. Plaintiff also sent the emails to Judy Concord, human resources, to inform HR of his complaints of discrimination. On February 5, 2013, Plaintiff met with Osgood, and the Director of Retail, Harvey Shaner, to discuss Plaintiff's concerns. At the meeting Plaintiff was informed there would be no accommodation in the form of a transfer to a position within the San Antonio office; that there were no positions available; and that he would continue to work for Ramirez. Osgood assured Plaintiff that Ramirez would not retaliate against Plaintiff. However, during the meeting Shaner made a comment to Plaintiff concerning his medical condition, accusing Plaintiff of lying during the hiring process about having his medical condition, and implied had Plaintiff revealed the nature of his medical condition he may not have been hired.

12. Following this failed meeting, Plaintiff contacted Judy Concord about the meeting and what had transpired. In his email to Concord, Plaintiff reiterated his request for accommodation and identified a Business Manager Assistant position for which he was qualified and was available at that time in contrast to what Plaintiff was told at the meeting with Osgood and Shaner. Plaintiff applied for the job on his own and was not

4

hired for the position.

13. Following the meeting with Osgood and Shaner, Ramirez continued to harass Plaintiff by treating him differently than other employees through the scheduling process, and a lack of support normally given other employees in the performance of their duties.

14. On March 23, 2013, Plaintiff submitted a letter from his physician requesting an accommodation and describing the medical condition which was the basis of the requested accommodation. Concord informed Plaintiff that the only resolution to his situation was a severance, and that he could not be accommodated based on his medical condition.

Faced with the specter of continued harassment, the denial of a reasonable accommodation and the relief from a significant part of his duties and responsibilities, Plaintiff felt he had no choice but to resign from his position. Plaintiff submitted his resignation on March 27, 2013, citing the hostile work environment, and the failure to accommodate as reasons for his resignation.

15. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and to otherwise adversely affect his status as an employee because of his disability, and in retaliation for having complained of discrimination.

16. The unlawful employment practices complained of above were willful and in reckless disregard of Plaintiff's federally protected rights within the meaning of the Section 102(a) of Title I of the ADA, 42 U.S.C. §12112(a).

## **PRAYER FOR RELIEF**

Wherefore, the Plaintiff respectfully requests that this Court:

A.	Order Defendant to make whole JEFFERY R. GORDON, pursuant to the ADA, who was adversely affected by the unlawful practices described above, by providing affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to reinstatement or front pay in lieu thereof;

B.	Order the Defendant to make whole JEFFERY R. GORDON, who was adversely affected the by the unlawful practices described above, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

C.	Order the Defendant to make whole JEFFERY R. GORDON, who was adversely affected the by the unlawful practices described above, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained described above, including but not limited to, emotional pain, suffering, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

D.	Order the Defendant to pay JEFFERY R. GORDON, punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

E.	Grant such further relief as the Court deems necessary and proper; and

F.	Award Plaintiff attorney's fees and costs of this action.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by his Complaint.

        Respectfully submitted,

        **FORTÉ & PITTARD, P.L.L.C.**
        1777 N.E. Loop 410, Suite 600
        San Antonio, Texas 78217
        Tel: (210) 678-3075
        Fax: (210) 820-2609
        Email: chrisp@forteandpittardlawfirm.com

        /s/ R. Chris Pittard
        R. CHRIS PITTARD
        Texas State Bar No. 00794465
        ATTORNEYS FOR PLAINTIFF
        JEFFERY R. GORDON