UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JEFFERY R. GORDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) Civil Action No.  SA-13-CA-662-XR |
| | ) |
| ACOSTA SALES & MARKETING, INC. | ) |
| | ) |
| Defendant. | ) |

### ORDER

On this date, the Court considered Defendant's Motion to Dismiss for Lack of Jurisdiction (docket no. 7).  Defendant contends that Plaintiff's lawsuit was untimely filed.  After careful consideration, the Court will deny the motion.

### I. Background

Plaintiff filed this lawsuit on July 22, 2013, alleging employment discrimination and retaliation under the Americans with Disabilities Act ("ADA") and the 2008 Americans with Disabilities Act Amendments.  Docket no. 2.  Defendant moves to dismiss the action as untimely because Plaintiff failed to file the initial complaint within ninety days of receiving his Notice of Right to Sue Letter from the EEOC.  The issue presented is when Plaintiff received the notice, and thus whether he filed this lawsuit within ninety days of that receipt.

### II. Applicable Law

An ADA lawsuit must be filed within ninety days of receipt of the EEOC's right-to-sue letter.  *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (the ADA incorporates by reference the administrative procedures and prerequisites applicable to Title VII actions); 42 U.S.C. § 2000e-5(f)(1), 42 U.S.C. § 12117(a).  The requirement to file a lawsuit within the ninety-day limitation period is strictly construed and is a condition precedent to filing suit in district court.

*Stokes v. Dolgencorp, Inc.*, 367 F. App'x 545, 547 (5th Cir. 2010); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002).

Defendant cites cases from the 1970's stating that the requirement is jurisdictional. *Pacheco v. Phelps Dodge Ref'g Corp.*, 531 F.2d 709, 711 (5th Cir. 1976) ("This Court and the other circuits that have considered the issue have generally held that the 90 day filing period is jurisdictional and mandatory."); *Prophet v. Armco Steel, Inc.*, 575 F.2d 579 (5th Cir. 1978). However, those cases are no longer good law, and recent precedent holds that it is not jurisdictional. *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010) ("The ninety-day filing requirement is not a jurisdictional prerequisite, but more akin to a statute of limitations."); *see also Giles v. City of Dallas*, __ F. App'x __, 2013 WL 4779690 (5th Cir. Sept. 6, 2013). Therefore, the Court must convert the motion to dismiss for lack of jurisdiction into a motion for summary judgment. The Court notes that Plaintiff has already responded as though the motion is a summary judgment motion and has provided evidence, and therefore Plaintiff needs no additional notice or opportunity to marshal evidence.

Summary judgment is appropriate when the pleadings, viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247 (1986); FED. R. CIV. P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 249.

When the plaintiff fails to allege a specific date on which he actually received the letter and the date is unknown, a presumption of receipt is appropriate. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379-80 (5th Cir 2002). In *Taylor*, the Fifth Circuit noted that the maximum number of days that courts had allowed under the presumption of receipt doctrine was seven days after the EEOC mailed the letter. *Id.* at 380; *see also Washington v. City of Gulfport, Miss.*, 351 F. App'x 916, 918 (5th Cir. 2009) ("in determining a date for presumption of receipt we should use a range of three to seven days after mailing").

### III. Analysis

It is undisputed that the Notice of Right to Sue Letter issued by the EEOC indicates that it was mailed on April 8, 2013, and that Plaintiff filed this lawsuit on July 22, 2013, 106 days later. Plaintiff did not allege a date of receipt in his Complaint. Accordingly, Defendant moved to dismiss the lawsuit as untimely. In response, Plaintiff presented the following evidence to show that this

lawsuit was timely filed: Plaintiff's Affidavit and his neighbor Anthony Sabino's Affidavit.

In his Affidavit, Plaintiff states that he resides at 13606 Oak Cabin, San Antonio. He states that he received his notice letter on the afternoon of April 22, 2013 "from a individual claiming to live in my neighborhood with a similar address." He continues,

> The individual claimed that the letter was mistakenly delivered to them, and they delivered the envelope personally. The letter had been post marked April 9, 2013. I immediately realized the importance of the document and inquired why they had not placed it back into the mail to be redelivered, I then explained to them that the letter was important due to legal matters. After hearing this individual made it clear they did not wish to be involved, and left without leaving any way to identify or contact them.

Plaintiff states that he informed his attorney "as to the situation" on April 23, and that he sent the copy of the letter to him via email, apparently on April 27, 2013. Plaintiff states that, in his neighborhood, there are at least two other "13606 Oak" labeled addresses, but he does not know whether the individual who delivered the letter lives at one of them since they chose not to be identified. He also states that, "[d]ue to the nature in which they claimed not to wish to be involved, I have not sought them out." Last, he states that since this event he on several occasions received mail for his neighbor, Anthony Sabino, who lives at 13607 Oak Cabin.

Anthony Sabino states that he and Gordon "have been delivering misdirected mail to each other for two or three weeks now" and "[w]e have a cluster mailbox for our cul-de-sac and the mail has been mishandled." He states he gave Gordon "many pieces of his mail October 17th of 2013" and, to his knowledge and from his own experience, "this has been an ongoing issue with our postal carrier for a period of time."

Plaintiff asserts that his evidence raises a material issue of fact as to when he received the notice letter. He asserts that the ninety-day time period began to run on April 22, 2013, and because the ninetieth day fell on Sunday, July 21, 2013, his deadline to file this lawsuit was July 22, 2013, the date he filed it.

The Court agrees that Plaintiff's evidence raises a material fact issue on the date of receipt. The presumption applies when the plaintiff does not allege or specify a date of receipt, and can be overcome with competent evidence of the date of the receipt. *See Morgan v. Potter*, 489 F.3d 195, 197 n.1 (5th Cir. 2007) (noting that the presumption is only that and if a particular plaintiff can offer

some evidence to demonstrate that he or she did not receive the letter within the presumed time, the presumption "can certainly be overcome"). Plaintiff has provided some evidence that he received the notice letter on April 22, and Defendant has not refuted this evidence. Defendant's motion for summary judgment must therefore be denied.

## Conclusion

For the reasons explained above, Defendant's motion to dismiss for lack of jurisdiction, having been converted to a motion for summary judgment, (docket no. 7) is DENIED.

It is so ORDERED.

SIGNED this 25th day of November, 2013.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE